Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| MESSER GAS PUERTO RICO, INC.<br><br>Demandante-Peticionaria<br><br>v.<br><br>VIATRIS PHARMACEUTICALS, LLC.<br><br>Demandados-Recurridos | KLCE202400384 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV05956<br><br>Sala: 502<br><br>Sobre:<br><br>Incumplimiento de Contrato, Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de abril de 2024.

Comparece ante nos Messer Gas Puerto Rico (Messer o parte peticionaria) y nos solicita que revoquemos el *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante TPI) el 1 de marzo de 2024. Por medio del referido dictamen, el TPI denegó cierta solicitud presentada por Messer.

Examinado en su totalidad el expediente, acordamos *denegar* el auto de *certiorari* solicitado.

-I-

El 20 de octubre de 2023, Messer presentó una demanda por incumplimiento de contrato y cobro de dinero contra Viatris Pharmaceuticals, Inc. (Viatris o parte

recurrida).[1] En síntesis, Messer alega que Viatris le adeuda la cantidad de $2,261,021.92 por la disposición y retiro de cilindros con materiales o residuos altamente tóxicos y peligrosos. Alega, además, que Viatris le adeuda una partida adicional pactada en los contratos habidos entre las partes correspondiente a la reparación de dos cilindros.

Ante esto, Viatris presentó su *Contestación a Demanda y Reconvención* el 22 de noviembre de 2023.[2] Mediante su contestación, la parte recurrida respondió a las alegaciones en su contra y levantó sus defensas afirmativas. En la misma fecha del 22 de noviembre de 2023, Viatris presentó una *Moción de Desestimación Parcial al amparo de la Regla 10.2(5) y 10.3 de las de Procedimiento Civil*.[3]

El 18 de diciembre de 2023, Messer presentó su *Oposición a Desestimación* alegando que en la demanda se exponen suficientemente las alegaciones.[4] En esa misma fecha, Messer presentó su *Réplica a la Reconvención* mediante la cual negó las alegaciones en su contra y reafirmó las alegaciones esbozadas en la demanda.[5]

El 19 de diciembre de 2023, el TPI notificó su *Resolución* mediante la cual denegó la *Moción de Desestimación* de Viatris.[6]

Luego de varios trámites procesales, el 1 de febrero de 2024, Viatris le solicitó al TPI autorización para presentar una contestación a demanda enmendada.[7] Esto, en aras de que las alegaciones, defensas y

---

[1] Apéndice del Recurso, páginas 86-102.
[2] Apéndice del Recurso, páginas 78-85.
[3] Apéndice del Recurso, páginas 57-77.
[4] Apéndice del Recurso, páginas 40-56.
[5] Apéndice del Recurso, páginas 35-39.
[6] Apéndice del Recurso, páginas 33-34.
[7] Apéndice del Recurso, páginas 21-32.

reclamaciones presentadas en su *Contestación a Demanda* y *Moción de Desestimación* estuvieran en un solo documento. El 2 de febrero de 2024, el TPI emitió una *Resolución* en la cual concedió la solicitud de Viatris para enmendar su contestación a demanda.[8]

El 12 de febrero de 2024, Messer presentó una Moción en Solicitud de Orden Eliminatoria al Amparo de la Regla 10.5 de Procedimiento Civil.[9] En esencia, la parte apelante alegó que Viatris incluyó defensas afirmativas ya renunciadas en la Contestación Enmendada junto con argumentos y alegaciones adjudicadas por el TPI. Por ello, Messer solicitó la eliminación de ciertas alegaciones y defensas afirmativas. De igual forma, solicitó que se eliminaran aquellas alegaciones contenidas en la *Moción de Desestimación* ya que estas habían sido resueltas y adjudicadas por el TPI en la *Resolución* notificada el 19 de diciembre de 2023.

Viatris, por su parte, se opuso mediante *Oposición a Solicitud de Orden Eliminatoria al Amparo de la Regla 10.5 de Procedimiento Civil*.[10] Trabada así la controversia, el TPI emitió una Resolución el 1 de marzo de 2024, notificada el 4 de marzo de 2024, en la cual declaró No Ha Lugar la solicitud de orden eliminatoria y aceptó la contestación enmendada y reconvención de Viatris.[11]

Inconforme, Messer presentó el recurso ante nuestra consideración y alegó la comisión de los siguientes errores:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE ORDEN ELIMINATORIA AL AMPARO DE LA REGLA 10.5 DE PROCEDIMIENTO CIVIL**

---

[8] Apéndice del Recurso, página 20.
[9] Apéndice del Recurso, páginas 10-19.
[10] Apéndice del Recurso, páginas 3-9.
[11] Apéndice del Recurso, páginas 1-2.

**Y PERMITIENDO LA CONTESTACIÓN A DEMANDA ENMENDADA CON DEFENSAS AFIRMATIVAS RENUNCIADAS Y CONTROVERSIAS ADJUDICADAS UE CONSTITUYE LA LEY DEL CASO.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LAS ALEGACIONES DE LA PARTE DEMANDADA SON SUFICIENTES EN ESTA ETAPA DE LOS PROCEDIMIENTOS.**

Viatris compareció oportunamente mediante *Oposición a Expedición de Auto Certiorari*. Con el beneficio de la comparecencia de las partes, procedemos a atender el recurso.

### -II-

#### A. La Revisión Judicial

El auto de *certiorari* es el recurso procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[12] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir o denegar el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. No obstante, nuestra discreción debe ejercerse de manera razonable procurando siempre lograr una solución justiciera.[13]

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones señala los criterios que para ello debemos considerar. Éstos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[12] *García v. Padró*, 165 DPR 324, 334 (2005).
[13] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [14]

Siendo la característica distintiva para la expedición de este recurso la discreción conferida al tribunal revisor, el Tribunal Supremo de Puerto Rico ha dispuesto que:

[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[15]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de primera instancia a quien le corresponde la dirección del proceso.[16]

**-III-**

En el caso ante nos, Messer señala que el TPI erró al denegar su solicitud de orden eliminatoria y, por

---

[14] 4 LPRA Ap. XXII-B, R. 40. Véase, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

[15] *IG Builders et al. v. BBVAPR*, supra, pág. 338; *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[16] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

consiguiente, aceptar la *Contestación Enmendada* de Viatris.

Luego de examinar el expediente ante nuestra consideración, no encontramos que la resolución recurrida tuviese indicios de craso abuso de discreción, prejuicio, parcialidad o error que justifiquen nuestra intervención para sustituir el criterio del foro primario. En vista de ello, no hallamos criterio alguno bajo la Regla 40 del Reglamento del Tribunal De Apelaciones que nos mueva a variar la *Resolución* emitida por el TPI.

**-IV-**

Por los fundamentos expuestos, *denegamos* la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones